IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RANDALL MORGAN, :

                Plaintiff, : Case No. 3:12cv126

   vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

            Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN PART AND REJECTING
SAME IN PART; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING
(DOC. #13, TO THE EXTENT SHE OBJECTS TO A REMAND FOR FURTHER
ADMINISTRATIVE PROCEEDINGS, RATHER THAN ONE FOR THE
PAYMENT OF BENEFITS) SUSTAINED, AND THOSE OF THE DEFENDANT
(DOC. #14) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND,
THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY
ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT
COMMISSIONER, FOR AN IMMEDIATE AWARD OF BENEFITS CONSISTENT
WITH THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

     Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the

Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.

On July 23, 2013, the United States Magistrate Judge filed a Report and Recommendations

(Doc. #12), recommending that the Commissioner's finding of non-disability be vacated, that no

finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social

Security Act, and remanding the captioned cause to the Defendant Commissioner and the

Administrative Law Judge, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with her Report and Recommendations.  Based upon reasoning and citations of authority set forth in pages 1-28 of the Magistrate Judge's Report and Recommendations (Doc. #12) and in the Plaintiff's Objections to said judicial filing (Doc. #13, to the extent he seeks a remand for the payment of benefits, rather than one for further administrative proceedings), as well as upon a thorough <u>de novo</u> review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in part and rejects same in part and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  The Plaintiff's Objections to said judicial filing (Doc. #13), to the extent he objects to a remand for further administrative proceedings, rather than one for an immediate payment of benefits  are sustained.  Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed, and the captioned cause remanded to the Defendant Commissioner for an immediate award of benefits consistent with the Social Security Act.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a <u>de novo</u> review of those recommendations of the report to which objection is made.  This <u>de novo</u> review, in turn, requires this Court to re-examine all the

relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

      In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir.

1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.      This Court agrees with the Magistrate Judge that the Administrative Law Judge committed error in concluding that the opinion of Plaintiff's long-term treating physician, Dr. Thompson, was neither well supported by medically acceptable clinical and laboratory diagnostic techniques nor consistent with other substantial evidence in the case record.  It is clear that the opinion of said treating physician is supported by substantial evidence.

2.      However, this Court disagrees with the Magistrate Judge that the remand for further administrative proceedings, rather than one for the immediate award of benefits under the Social Security Act, is warranted.   For the reasons stated by the Magistrate Judge, herself, in the Report and Recommendations at 25-28, as well as upon a thorough analysis by the Plaintiff in her

Objections in part to said Report and Recommendations, not to mention a full review by the

undersigned of the entirety of the Court's file and the Administrative Record, this Court concludes

that the evidence of disability is overwhelming and, for that matter, even if evidence of disability

were not strong, contrary evidence is weak and, to quote the Magistrate Judge, "insufficient." Id.

at 27.  See, Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).


WHEREFORE, based upon the aforesaid, this Court adopts in part and rejects in part the

Report and Recommendations of the United States Magistrate Judge (Doc. #12), having concluded

that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act was not supported by substantial evidence.  Plaintiff's

Objections to said judicial filing (Doc. #13, to the extent he objects to a remand for further

administrative proceedings, rather than one for the immediate payment of benefits) are sustained.

Judgment will be ordered entered in favor of the Plaintiff and against the Defendant

Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not

disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the

captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g),

for the immediate payment of benefits consistent with the Social Security Act.


The captioned cause is hereby ordered terminated upon the docket records of the United

States District Court for the Southern District of Ohio, Western Division, at Dayton.


September 30, 2013                    _____

                                     WALTER H. RICE, JUDGE
                                     UNITED STATES DISTRICT COURT

Copies to:

Counsel of record